USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN L. RESHARD,

                          Plaintiff,

        -against-

CITY OF NEW YORK DEPT OF
CORRECTIONS; CAPTAIN DECOSTA;
OFFICER JANE DOE #1; OFFICER JANE
DOE #2,

                          Defendants.

24-CV-2531 (MKV)

**ORDER OF SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who currently is incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that while he was detained on Rikers Island, Defendants violated his constitutional rights. By order dated September 4, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth in this order, the Court (1) dismisses the claims against the New York City Department of Correction ("DOC") because it is not an entity that can be sued; (2) substitutes the City of New York for DOC, under Rule 21 of the Federal Rules of Civil Procedure; (3) asks the City of New York and Captain Decosta to waive service of summons; (4) directs the New York City Law Department to identify Jane Doe #1 so that she may be served; and (5) applies Local Civil Rule 33.2 to this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.      New York City Department of Correction**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Waiver of Service**

The Clerk of Court is respectfully directed to notify the DOC and the New York City Law

Department of this order.  The Court requests that the City of New York and Captain Decosta waive

service of summons.

**C.      Jane Doe #1**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies

sufficient information to permit the DOC to identify Jane Doe #1.  IT IS THEREFORE ORDERED

that the New York City Law Department, which is the attorney for and agent of the DOC, must

ascertain the identity and badge number of Jane Doe #1 and the address where this defendant may

be served.[2] The Law Department must provide this information to Plaintiff and the Court within

60 days of the date of this order.

Within 30 days of receiving this information, the Court will direct the Clerk of Court to

add the real name of Jane Doe #1 to the caption of the complaint and issue an order asking this

defendant to waive service and notifying her that Local Civil Rule 33.2 applies to this action.

**D.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to

respond to specific, court-ordered discovery requests, applies to this action.  Those discovery

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

Rule 33.2 Interrogatories and Requests for Production of Documents."  IT IS ORDERED that

---

[2] If Jane Doe #1 is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If Jane Doe #1 is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

within 120 days of service of the complaint, the named Defendants must serve responses to these standard discovery requests.  In their responses, the named Defendants must quote each request verbatim.[3]

<strong><u>CONCLUSION</u></strong>

For the forgoing reasons, the Court dismisses Plaintiff's claims against the DOC.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is respectfully directed to add the City of New York as a Defendant under Federal Rule of Civil Procedure 21.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that Defendants the City of New York and Captain Decosta waive service of summons.

The Clerk of Court is directed to mail a copy of this Order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

Local Civil Rule 33.2 applies to this case.

The Clerk of Court is directed to mail an information package to Plaintiff.

**SO ORDERED.**

**Dated:    September 24, 2024**
**            New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the *Pro Se* Intake Unit.