

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2024
```

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOSEPH ZANGRILLI**<br>*Senior Counsel*<br>Phone: (212) 356-2657<br>Fax: (212) 356-3509<br>jzangril@law.nyc.gov |

November 22, 2024

**By ECF**
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY, 10007

      Re: <u>Reshard v. City of New York et al.</u>,
         24-CV-02531 (MKV)

Your Honor:

  I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendant City of New York in the above-referenced matter.[1] I write on behalf of the City of New York to respectfully request an enlargement of time from November 25, 2024 until December 16, 2024, to respond to the Court's <u>Valentin</u> Order. (ECF No. 12). The reason for this request is because, despite undertaking a thorough investigation, this office has been unable to ascertain the identity of Jane Doe Correctional Officer #1.[2] The undersigned sincerely apologizes for this late application. This is the first request for an enlargement of time to respond to the <u>Valentin</u> Order. This request will not impact any other deadline and Plaintiff consents to this request.

  By way of background, Plaintiff alleges that on March 4, 2024, he was inadvertently sprayed with oleoresin capsicum ("OC") spray by Jane Doe Correctional Officer #1, who was

---

[1] This case has been assigned to Assistant Corporation Counsel Michael Futral, who is presently awaiting admission to the Southern District of New York, and is handling this matter under my supervision. Mr. Futral may be reached directly at (212) 356-1643 or by email at Mifutral@law.nyc.gov.

[2] Plaintiff's Complaint lists (in addition to Captain Decosta) two Jane Doe Correctional Officers. (<u>See</u> ECF No. 1). However, Plaintiff does not mention Jane Doe Correctional Officer #2 in the Statement of Claim section of his Complaint, (<u>see id.</u>), and the Court's <u>Valentin</u> Order only instructed this Office to identify the name, badge number, and service address of Jane Doe #1, (<u>see</u> ECF No. 12). As such, it is Defendant City's understanding that it need not undertake an investigation into the identity of Jane Doe #2.

attempting to break up a fight between other inmates. (ECF No. 1). According to Plaintiff, this incident occurred while housed in "the 5 Main housing unit" on Rikers Island. (Id.).

In investigating Plaintiff's allegations to determine the identity, badge number, and service address of Jane Doe #1, this office cross referenced Plaintiff's housing and movement history at Rikers Island with Department of Correction ("DOC") use of force reports that detail instances of deployed OC spray. However, those records indicate that, on March 4, 2024, Plaintiff was not housed in 5 Main, where he alleges the incident occurred. Furthermore, those documents also indicate that, among the two incidents involving OC spray that occurred on March 4, 2024, neither occurred where Plaintiff was housed. Similarly, none of the instances of OC spray deployment that occurred on March 5, 2024 occurred within Plaintiff's housing. To ensure that the incident alleged in Plaintiff's Complaint did not happen on a different date, this office requested DOC expand its search so that we may cross reference a greater range of dates to determine if there are any documented instances of deployed OC spray where Plaintiff was housed. However, this office still needs additional time to obtain those newly requested documents.

In investigating Plaintiff's allegations, this office also examined Plaintiff's medical records from Correctional Health Services to determine if there any indications that the incident alleged in Plaintiff's Complaint occurred on a different day or in a different location. However, Plaintiff's March 8, 2024, medical record only indicates that Plaintiff stated he was exposed to OC spray four days prior.

This office has also spoken with Plaintiff to see if he could provide any additional information that could help identify the correct Jane Doe Correctional Officer. During the call, Plaintiff described the Jane Doe's appearance, reiterated that the alleged incident occurred on March 4, 2024, in the 5 Main Housing Unit, but unfortunately could not recall the names of the inmates who were involved in the altercation described in his Complaint. Directly after, this office relayed that information to DOC to assist them in ascertaining documents that may be used to correctly identify the Jane Doe purported to be involved in the events alleged in Plaintiff's Complaint. However, this office still needs additional time to obtain those newly requested documents, if any exist.

Therefore, defendant City respectfully requests the Court grant an extension of time from November 25, 2024, until December 16, 2024, to ensure it has sufficient time to continue its investigation in order to correctly identify the Jane Doe officer who is alleged to be involved in events described in Plaintiff's Complaint.

Defendant City thanks the Court for its time and consideration to this matter.

Respectfully submitted,

*Joseph Zangrilli /s/*

Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation

**Granted. SO ORDERED.**

Cc: **By First Class Mail**
Kevin Reshard
19460-511
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

Date: 11/22/2024
New York, New York

Mary Kay Vyskocil
United States District Judge

3